STATE OF MONTANA,
   Plaintiff,
vs.
JACKIE A. RALL,
   Defendant.

No. DC-99-102
Decision

On May 3, 2000, the defendant was sentenced to a thirteen (13) month commitment to the Department of Corrections, followed by four (4) years of supervised probation.

On September 22, 2000, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was not present, but was represented by Steve Eschenbacher. The state was not represented.

Before hearing the application, the defendant's attorney was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant's attorney was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant's attorney acknowledged that he understood this and stated that he wished to proceed on behalf of the defendant.

It is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed, with the amendment that the fine of $10,000 may have a credit applied to it for up to $5,000 which the defendant verifies she has paid to the classes of creditors listed in her Pre-Sentence Investigation Report, which include banks, credit cards, and doctors. This option is for debts accrued prior to sentencing.

The reasons for the amendment are that the defendant is fairly uneducated, she has significant debts, and the Board did not deem it equitable to have the fine used to deprive other citizens and creditors of payment. On the other hand, if the defendant makes a diligent effort to pay off those creditors and also to pay off this fine, but is unable to do so, she can present that evidence to the judge if a petition to revoke is filed and be excused. In other respects, none of the Board members can say that the sentence or the fine as imposed is clearly excessive under the circumstances, particularly where the defendant did sell the vehicle and received $3,100 that would have been subject to forfeiture at sentencing, and did so only two (2) weeks prior to her sentencing.

Done in open Court this 22nd day of September, 2000.

DATED this 16th day of October, 2000.

Acting Chairwoman, Hon. Marge Johnson, Member, Hon. David Cybulski, Alt. Member, Hon. G. Todd Baugh.